IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE L. GONZALEZ, :
:
    Petitioner :
:
v. : 3:14-CV-00887
:
FEDERAL BUREAU OF PRISONS, : (JUDGE MARIANI)
WARDEN J.E. THOMAS :
:
    Respondents :

## MEMORANDUM

### Introduction

    Jose L. Gonzalez, an inmate currently confined in the United States Penitentiary in Lewisburg, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Pennsylvania. (Doc. 1). By Order dated April 8, 2014, this case was transferred to the Middle District of Pennsylvania as the proper venue. (Doc. 2). Gonzalez claims that his due process rights were violated during the course of a prison disciplinary hearing held on July 11, 2013, where he was found guilty of the prohibited act of "Assaulting with Serious Injury." (Doc. 9, Ex. A). Specifically, he argues that the Bureau of Prisons lacks authority to implement a monetary fine, and that there was an excessive delay in serving a copy of the incident report. (Doc. 1). Gonzalez seeks injunctive relief striking the monetary fine, and the immediate release of any seized funds. *Id.* For the reasons set forth below, the petition will be dismissed.

## Background

On March 13, 2013, Gonzalez was served with Incident Report No. 2420518 charging him with assaulting with serious injury, a Code 101 violation. (Doc. 7, Ex. A, Att. 1). The Discipline Hearing Officer ("DHO") held a hearing on July 11, 2013. (Doc. 10, Ex. C). On July 22, 2013, the DHO issued a decision finding that Gonzalez had committed the prohibited act. *Id.* The DHO imposed sanctions that included: six days disciplinary segregation, one year loss of commissary privileges, and a five hundred dollar fine. *Id.* Gonzalez is currently serving a life sentence, and was not sanctioned with the loss of any credit toward his sentence. (Doc. 7, Ex. A).

Respondent concedes that, after the DHO issued his decision, Gonzalez pursued and exhausted all administrative remedies. (Doc. 7). On March 26, 2014, Gonzalez filed this petition for writ of habeas corpus. (Doc. 1). On June 11, 2014, Respondents filed a response, arguing that the petition should be dismissed. (Doc. 9). On June 23, 2014, Gonzalez filed a traverse, rendering this matter ripe for disposition. (Doc. 10).

## Discussion

Petitions for habeas corpus relief are "quite limited" and may only be brought to challenge a conviction or a deprivation of rights that "necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Where a prisoner seeks to challenge "the conditions of his prison life, but not . . . the fact or length of his custody[,]" the claim must be brought under 42 U.S.C. § 1983, not under a habeas petition.

2

*Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Consequently, where "a finding in plaintiff's favor would not alter his sentence or undo his conviction[,]" the petitioner may not bring an action under 28 U.S.C. § 2241. *Leamer*, 288 F.3d at 542.

Here, the disciplinary proceeding that Gonzalez challenges did not result in the loss of any good conduct time. (Doc. 10, Ex. C). Furthermore, Gonzalez does not challenge the length or duration of his imprisonment. (Doc. 1). Rather, Gonzalez seeks "injunctive relief of obligation to pay the $500.00 and immediate release of seized funds." *Id.* The sanctions imposed, a monetary fine, loss of commissary privileges, and disciplinary segregation, do not impact the fact or duration of his imprisonment and thus are not properly brought under a habeas petition. *See, Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002); *Reynolds v. Williamson*, 197 F.App'x 196, 198-99 (3d Cir. 2006). The proper remedy for the sanctions imposed here is an action under 42 U.S.C. § 1983, and therefore Gonzalez's petition for writ of habeas corpus must be dismissed.[1]

---

[1] The cases cited by Gonzalez in his traverse do nothing to alter this conclusion. (Doc. 10). The three cases, all from the Eastern District of California, did involve a challenge to the power of certain individuals to impose sanctions. *Torres-Ramirez v. Benov*, No. 1:13-CV-01165 LJO, 2013 WL 6798948 (E.D. Cal. Dec. 20, 2013); *Kasirem v. Benov*, No. 1:13-CV-01026 LJO, 2013 WL 6798945 (E.D. Cal. Dec. 20, 2013); *Arellano v. Benov*, No. 1:13-CV-00558 AWI, 2014 WL 1271530 (E.D. Cal. Mar. 27, 2014). However, all three petitions challenged the loss of good conduct time, and thus were properly brought under a habeas petition. *Id.* In contrast, as previously noted, here Gonzalez did not lose any good conduct time.

3

## Conclusion

A review of the record reveals that the challenged disciplinary proceeding is not cognizable under 28 U.S.C. § 2241. Consequently, the petition will be dismissed without prejudice as to Gonzalez's ability to raise a claim in an action under 42 U.S.C. § 1983.

An appropriate Order will be entered.

BY THE COURT:

Robert D. Mariani
United States District Judge

Dated: December 1, 2014