IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE L. GONZALEZ, | : |
| Petitioner | : |
| v. | : 3:14-CV-00887 |
| FEDERAL BUREAU OF PRISONS, WARDEN J.E. THOMAS | : (JUDGE MARIANI) |
| Respondents | : |

## AMENDED MEMORANDUM

Previously this Court issued a Memorandum and Order dismissing petitioner Jose L. Gonzalez's petition for writ of habeas corpus for failure to state a cognizable claim. (Docs. 13, 14). After determining that a Section 2241 habeas petition was not the proper vehicle in which to pursue relief, the Memorandum identified Gonzalez's proper remedy as a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 13). This was erroneous.

A Section 1983 civil rights action operates to protect an individual from "unconstitutional treatment at the hand of state officials[.]" *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). In contrast, when an individual is subject to unconstitutional treatment at the hands of federal officers, he or she must bring a *Bivens* civil rights action pursuant to 28 U.S.C. § 1331. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-67 (2001).

Gonzalez is a federal prisoner, not a state prisoner, and any unconstitutional treatment he may have received occurred as a result of the actions of federal officials.

(Doc. 1). Therefore, his proper remedy lies in a *Bivens* action. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The previous Memorandum was otherwise correct in its conclusions and dispositions, and is affirmed in all other respects. The Order dismissing Gonzalez's petition for writ of habeas corpus contained no errors, and is likewise reaffirmed.

BY THE COURT:

Robert D. Mariani
United States District Judge

Dated: January 15, 2015